LAW OFFICES OF MICHAEL LUPOLOVER, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(T) 201.461.0059
(F) 201.608.7118

Attorney for Plaintiff
DAVID P. FORCE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANNON GILMORE AND DOLORES GILMORE, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFERSON ASSOCIATES, <br><br> Defendant. | Case No.: <br><br> **CIVIL COMPLAINT** <br><br> **AND** <br><br> **JURY TRIAL DEMAND** |

**CIVIL COMPLAINT AND JURY TRIAL DEMAND**

Plaintiffs, Shannon Gilmore (individually "SG") and Dolores Gilmore (individually "DG"), on behalf of themselves (hereinafter collectively "Plaintiffs"), by and through their undersigned attorney, alleges against the Defendant, Jefferson Associates (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq.*, Fair Debt Collections Practices Act (hereinafter "FDCPA")

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 and supplemental jurisdiction exists for New Jersey State Law claim pursuant to 28 U.S.C.A. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Shannon Gilmore, is a natural person, who at all relevant times has resided in the city of Manville, Somerset County, State of New Jersey, and is a "consumer" or "debtor" as defined by 15 U.S.C. § 1692a (3).

5. Plaintiff, Dolores Gilmore, is a natural person, who at all relevant times has resided in the city of Manville, Somerset County, State of New Jersey, and is a "consumer" or "debtor" as defined by 15 U.S.C. § 1692a (3).

6. Defendant is a corporation doing business in the State of New Jersey, with its corporate address at 3 Coral Street, Edison, New Jersey 08837. Defendant, Jefferson Associates, is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

7. In a letter dated November 20, 2014, mailed to DG, Defendant asserted that there was a debt due and owing from DG to "The Dermatology Center" in the amount of $93.59 for services rendered to DG's daughter, SG.  A copy of the letter is attached hereto marked "**Exhibit A**." Upon information and belief, the services rendered for SG were performed in or around 2012. SG is currently 26 years of age, and accordingly would not have been a minor at the time the services were performed.

8. Upon information and belief, DG did NOT accompany SG to the doctor's office on the day that the services were performed. Upon information and belief, DG did not execute any legal document which would attach liability on this alleged debt to herself. As it pertains to this situation, the Plaintiffs are mother and daughter, no more no less, and at the time the services were rendered, were both of legal age, i.e. over (18) years of age.

9. Moreover, this alleged debt, which has never been one DG legally owes, was placed on her credit report by Defendant.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*
*As to Plaintiff Dolores Gilmore only*

10. Plaintiffs repeats the allegations contained in paragraphs 1 through 9 and incorporates them as if set forth at length herein.

11. Defendant sent DG a letter dated November 20, 2014, which alleged that as a result of medical services rendered to her daughter, SG, DG was liable for the alleged outstanding balance due and owing of $93.59. DG was not present during the procedure. DG did not execute any legal document which would bind her to payments allegedly due and owing as a result of the procedure. SG was a competent person of legal age, i.e. over (18) years of age, at the time the services were rendered. SG has *NO LEGAL LIABILITY WHATSOEVER* on this alleged debt, yet Defendant sought payment from her on it.

12. The fact that Defendant sought collection on a "phantom debt" from DG is violative of 15 U.S.C. §1692 (e)(2)(A).

13. Defendant's actions have directly damaged DG and DG is entitled to relief.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*
*As to Plaintiff Shannon Gilmore only*

14. Plaintiffs repeats the allegations contained in paragraphs 1 through 13 and incorporates them as if set forth at length herein.

15. In a letter dated November 20, 2014, directed to DG's attention, Defendant disclosed to DG that her adult daughter, SG, allegedly owed a debt stemming from a visit to The Dermatology Center. This visit, upon information and belief, took place in 2012. SG was the sole individual present during the doctor's visit, executed and any all documents on her own behalf, and in no way indicated that her mother, DG, would be liable for some or all of the debt in the event of none payment.

16. DG, upon receiving the letter, opened same and read its contents, which revealed that her daughter had alleged past due financial obligations.

17. The disclosure of SG's highly personal, sensitive information to DG by the actions of Jefferson Associates, is a violation of 15 U.S.C. §1692(c)(b).

18. Defendant's actions have directly damaged SG and SG is entitled to relief.

*[Remainder of page intentionally left blank]*

## **DAMAGES**

WHEREFORE, Plaintiffs, Shannon Gilmore and Dolores Gilmore, requests this Court enters judgment against Defendant and on behalf of Plaintiffs for the following:

A. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

B. That judgment be entered against the Defendant for actual damages as to Plaintiff Shannon Gilmore, pursuant to 15 U.S.C. § 1692k(a)(1);

C. That judgment be entered against the Defendant for actual damages as to Plaintiff Dolores Gilmore, pursuant to 15 U.S.C. § 1692k(a)(1);

D. That judgment be entered against the Defendant for statutory damages, in the amount of $1000.00 for Plaintiff Shannon Gilmore, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E. That judgment be entered against the Defendant for statutory damages, in the amount of $1000.00 for Plaintiff Shannon Gilmore, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

F. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

G. That the Court grant such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank; signature page to follow.]*

Dated this 16th day of February, 2015

                    Respectfully Submitted,

/s  David P. Force\_\_\_
Attorney for Plaintiff
David P. Force, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Ste 300
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: david@lupoloverlaw.com